**Alfred Dean DONAGHEY, Appellant,**

**v.**

**Johnnie VAN CLEAVE, Indv., etc., et al., Appellees.**

**No. 15637.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

June 25, 1970.

Rehearing Denied July 16, 1970.

L. Giles Rusk, Houston, for appellant.

Jamail & Gano, Joseph D. Jamail, John Gano, Houston, Warren Burnett, Odessa, for appellees.

COLEMAN, Justice.

This is a suit for damages for wrongful death resulting from the collision of a car driven by the decedent with a truck parked along the curb of a highway. The collision occurred at night. No lights were burning on the truck. A judgment for the plaintiffs was entered based on a jury verdict.

The jurisdiction of this Court has been questioned. Rule 329b, Texas Rules of Civil Procedure, provides:
> "* * *

> "(3) All motions and amended motions for new trial must be determined within not exceeding forty-five (45) days after the original or amended motion is filed, unless by one or more successive written agreements of the parties in the case filed with the clerk of the court the decision of the motion is postponed to a day certain specifically set out in any such

agreement. Any such day certain shall not be more than ninety (90) days after such original or amended motion is filed.

"(4) It shall be the duty of the proponent of an original or amended motion for new trial to present the same to the court within thirty (30) days after the same is filed. However, at the discretion of the judge, an original motion or amended motion for new trial may be presented or hearing thereon completed after such thirty (30) day period. *Such delayed hearing shall not operate to extend the time within which the original or amended motion must be determined, unless such time be extended by agreement as provided for in the preceding subdivision of this Rule.* * * * In the event the decision of the motion is postponed by any written agreement *as provided in subdivision 3* of this Rule then any such original or amended motion, if not determined by the court, will be overruled by operation of law ninety (90) days after the same is filed or on the latest day certain agreed upon, *whichever occurs first."* (Emphasis added)

On the forty-fourth day after the amended motion for new trial was filed, there was filed with the clerk a written agreement to postpone the decision on the amended motion until February 13, 1970. This date was more than ninety days from October 29, 1969, the date the amended motion was filed, and thus did not meet the requirements of Subsection 3, Rule 329b. An order overruling the motion was entered and filed on February 4, 1970.

If the written agreement to extend the time for the decision on the motion is ineffective for all purposes by reason of the fact that the day certain agreed upon was more than ninety days after the date of the filing of the motion, then appellant failed to perfect his appeal within the time provided by the Rules. If, however, the amended motion was overruled by operation of law ninety days after the motion was filed, the procedural steps necessary to perfect the appeal were taken in proper time.

■ The decision was postponed by agreement to a day certain although the day was not within the ninety day period. It was not decided by the court within ninety days of the date of filing of the amended motion. This appears to be the exact situation covered by the last sentence of Subdivision 4. The only time an amended motion could be overruled by operation of law "ninety days after the same is filed," rather than on "the latest day certain agreed upon," would be when there was an agreement to extend the time for decision of the motion to a date beyond the permissible ninety days. We conclude, therefore, that even though the agreement does not comply with the requirement that the date for deciding the motion be within ninety days of the date of filing, the motion was overruled by operation of law ninety days after the date of filing, rather than forty-five days thereafter, as would have been the case had no agreement been filed. The appeal is properly before this Court.

■ Appellant has assigned nine points of error. Only those points based on assignments of error found in the motion for new trial can be considered. Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887 (1961); Lunsford v. Sage, Inc. of Dallas, 438 S.W.2d 615 (Tex.Civ.App.—Houston 1st 1969, writ ref., n. r. e.).

The jury failed to find that the failure of the truck driver (appellant) to park his truck off of the paved portion of Andrews Highway at the time and place in question was negligence. It found that at the time of the collision there were no signal lights burning on the truck; that when the truck driver returned to the truck after dark he failed to turn on the signal lights; that such failure was negligence and a proximate cause of the collision.

Appellant had parked his truck at the place of the collision around ten o'clock

in the morning. He returned to the truck around eleven thirty that night and started the motor. While air pressure was building up, he left the truck for a few minutes. When he returned he discovered that a vehicle had collided with the truck.

■ Appellant argues that the driver had no duty to turn on the signal lights when he returned to the truck. He reasons that this conclusion follows because, as found by the jury, there was no wrong in parking the truck in the manner or location it was parked, and because there was no issue submitted on negligence in leaving the truck parked on the highway unlighted during the hours of darkness preceding his return. The jury's answer to the issue on failing to park off the paved portion of the highway during daylight hours is immaterial to the question under consideration, as is the fact that other issues on negligence might have been submitted to the jury. The parking of an unlighted truck on the paved portion of a highway during daylight hours might not constitute negligence while leaving it there after dark ordinarily would constitute negligence. The particular negligent act which caused the injury complained of might be further pinpointed as was done in this case. There was a continuing duty to light the truck. It was undisputed that the truck driver returned to the truck after dark and before the collision occurred. The restriction of the inquiry to this point in time is not the subject of the point of error. The complaint relates only to the question of duty. The point is not well taken. See Article 6701d, Sections 109 and 121, Vernon's Ann. Civ.St.

The jury did not find that the deceased driver failed to keep a proper lookout or that he failed to make such application of his brakes as a person of ordinary prudence in the exercise of ordinary care would have made under the same or similar circumstances. Appellant says that the answers to these issues are supported by no evidence.

■ While appellant did not object to the submission of these issues, and they were defensive issues on which he had the burden of proof, this does not prevent appellant from complaining that the evidence was insufficient to warrant their submission to the jury. Rule 279, T.R.C.P. This point must be raised in the motion for new trial and cannot be raised for the first time on appeal. Darryl v. Ford Motor Co., 440 S.W.2d 630 (Tex.1969); Collier v. Hill & Hill Exterminators, 322 S.W.2d 329 (Tex.Civ.App.—Houston (1st) 1959); Holt v. Purviance, 347 S.W.2d 321 (Tex.Civ. App.—Dallas 1961, writ ref., n. r. e.).

■ In his motion for a new trial appellant did not assert that there was no evidence to support the jury's answers in question. He did assert that the answers were "completely contrary to the overwhelming preponderance of the evidence." This point is not sufficient to call the attention of the trial court to the real issue, that is, whether the evidence conclusively established that the plaintiff failed to keep a proper lookout or failed to properly apply his brakes. Darryl v. Ford Motor Company, supra; Burt v. Anderson, 408 S.W.2d 572 (Tex.Civ.App.—Austin 1966).

In an article found in 38 Texas Law Review, page 363, Judge Robert W. Calvert said:

"* * * For example, what does it benefit a party that there is no evidence to support a jury finding that the opposite party did not commit a negligent act? Before a party is entitled to have a judgment based on the answer reversed and judgment rendered in his favor it must appear that the evidence establishes conclusively that the act was committed. · In this situation it would be much better to forget the words 'no evidence' and assert in the point of error, as well as in the basic procedural steps in the trial court, that the evidence establishes conclusively, or as a matter of law, that the act was committed."

In Collins v. Smith, 142 Tex. 36, 175 S.W.2d 407 (1943), the Supreme Court of Texas said:

"Rule 320, Texas Rules of Civil Procedure, says that a motion for new trial shall 'Specify each ground on which it is founded, and no ground not specified shall be considered.' In that respect the rule is merely Art. 2232, R.S.1925, which, in substantially the same language, has been the law in Texas for many years. The word specify means 'to mention or name in a specific or explicit manner; to tell or state precisely or in detail.'"

■ The point presented here was not specified in the motion for new trial. The trial court would assume from the great weight point that some evidence supported the answer made by the jury. It is necessary to assert both "great weight" and "no evidence" points in the appellate courts, if the appellant desires to rely on both. A "no evidence" point does not include a "great weight" point. McWilliams v. Muse, 157 Tex. 109, 300 S.W.2d 643 (1957). A "great weight" point does not include a "no evidence" point.

Mrs. Van Cleave testified that her husband was a salesman and that he was furnished an automobile by his employer. She said that he had to drive an automobile in his business and had driven one daily for many years. She testified as to his earnings and that he at no time was off work for as much as a month, and at no time failed to bring home to her his pay check on a regular monthly basis. Appellant then asked Mrs. Van Cleave if her husband's license had not been suspended in 1959 as an habitual violator. She answered that she did not know. She testified that she had never paid any traffic fines for him. Appellee objected to this line of testimony. Out of the presence of the jury appellant proposed to offer a certified driving record of Mr. Van Cleave showing that he had received three suspensions of his license as an habitual violator of the traffic laws, one for a period of one month, another for two months, and one for five months. He contended that the evidence tended to show Mr. Van Cleave's inability to work during those periods and that it was proper rebuttal evidence on the question of earnings, and requested that it be so limited by an instruction to the jury. The trial court refused to admit the testimony and appellant completed a bill of exceptions. Appellant cites Union Transports, Inc. v. Braun, 318 S.W.2d 927 (Tex.Civ. App.—Eastland 1958), where such testimony was admitted as rebuttal to testimony that the only reason for the plaintiff's failure to work as a truck driver was the fact that he was injured. The Court of Civil Appeals held that the evidence was admissible.

■ There is no evidence that Van Cleave lost his job during the periods his license was suspended. Mrs. Van Cleave testified that he did drive each day. The testimony might have cast doubt on her veracity, but it would not have directly impeached her testimony. It would appear that the trial court balanced the effect which the testimony might have on the issues of contributory negligence, despite a limiting instruction, against the weight it might have on the damage issue, and refused to receive the evidence. The trial court did not abuse its discretion. If this action should be held to be error, it was not such as probably caused the rendition of an improper verdict.

■ Finally, appellant argues that the amount of damages found by the jury was excessive. The jury awarded Mrs. Van Cleave $200,000.00. The four children were awarded $25,000.00 each. The court instructed the jury, in connection with the damage issues, that it could consider only the loss of care, maintenance, support, services, advice, counsel, and contributions of pecuniary value. In the case of the children, damages were limited to those accruing during minority. There was testimony that Mr. Van Cleave was earning $8,500.00 per year at the time of his death, and that his life expectancy was 35.9 years.

While Mrs. Van Cleave's age is not given, she testified at the trial affording the jury an opportunity to estimate her age. Her four children ranged in age from 16 to 9. The evidence is that Mr. Van Cleave turned over to her his entire check, and that she handled the money for the family. There was testimony that his salary had increased during the time he had been working. The fact that he was furnished a car in his work could be considered. There was testimony that Mr. Van Cleave was an attentive husband and father, and that plans for providing the children higher education had been discussed.

There is nothing in the record to indicate that the jury was influenced by passion, prejudice, or other improper motive. Nor does it appear that the verdict resulted from something other than a deliberate and conscientious conviction in the minds of the jury. The verdict was not so excessive as to shock a sense of justice in the minds of the trial court or this Court. Under such circumstances the appellate court should not substitute its verdict for that of the jury.

Affirmed.