**Affirmed and Opinion filed August 11, 2022.**



In The

# Fourteenth Court of Appeals

### NO. 14-21-00117-CV

## CITY OF HOUSTON, Appellant

### V.

## ROBERTO ARELLANO, Appellee

**On Appeal from the 151st District Court**
**Harris County, Texas**
**Trial Court Cause No. 2019-49120**

## OPINION

In this accelerated interlocutory appeal, we consider whether a city employee was in the scope of his employment or responding to an emergency when he was in a traffic accident while driving a city vehicle. Concluding (1) the city did not rebut the presumption that the employee was in the scope of his employment while he was clocked in and responding to a service call, and (2) a fact question exists regarding whether he was responding to an emergency, we affirm the trial court's denial of the city's motion for summary judgment based on

lack of subject matter jurisdiction.

## *Background*

Roberto Arellano and a City of Houston employee, Tam Dang, were involved in a traffic accident in January 2018. At the time, Dang was a maintenance mechanic for the City. As part of his duties, he maintained and repaired HVAC systems in City buildings. On the evening of the traffic accident, Dang was at home on-call. At approximately 10 p.m., he received a service call to notify him that a fire station had no heat. After the call, he immediately clocked in for work remotely. He drove to another fire station, dropped off his personal vehicle, and picked up his City work vehicle. Then, he began driving to the fire station that lacked heat. On the way, the collision happened.

Arellano brought a negligence claim against the City, alleging that the City was liable for his injuries under the Texas Torts Claims Act (TTCA) because Dang was in the course and scope of his employment while operating a motor vehicle when the accident occurred.[1] The City filed a motion for summary judgment and asserted that the City was immune from liability because Dang was not acting within the scope of his employment when the accident occurred. Arellano responded with deposition testimony from Dang. Dang stated that lack of heat in a fire station is considered an emergency but conceded that, "[I]t's not an emergency situation like a fire truck responding to a fire. It's an emergency situation within the department where you need to address it quickly, but it's not an emergency like a fire truck." In its reply in support of the motion for summary judgment, the City argued that Arellano's response established the City was also immune under the emergency exception to the TTCA.[2] The trial court denied the City's motion for

---

[1] Tex. Civ. Prac. & Rem. Code §§ 101.001–.109 (TTCA).

[2] Tex. Civ. Prac. & Rem. Code § 101.055(2).

2

summary judgment.

## *Discussion*

In two issues, the City challenges the trial court's denial of its motion for summary judgment, contending the City is entitled to immunity because (1) Dang was outside of his scope of employment at the time of the accident, and (2) the TTCA's emergency exception applies. Generally, a governmental entity such as the City is immune from tort liability. *City of Galveston v. State*, 217 S.W.3d 466, 468 (Tex. 2007). Governmental immunity from suit defeats a trial court's subject matter jurisdiction and thus is properly asserted in a plea to the jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225-26 (Tex. 2004).

We review a motion challenging the trial court's jurisdiction de novo. *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007). We first look to the pleadings to determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Miranda*, 133 S.W.3d at 226. We construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings. *Id*. We do not address the merits of the claims asserted. *See Tex. Natural Res. Conservation Comm'n v. White*, 46 S.W.3d 864, 868 (Tex. 2001).

When, as here, a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties. *See Miranda*, 133 S.W.3d at 227. The standard of review for a jurisdictional plea based on evidence "generally mirrors that of a summary judgment under Texas Rule of Civil Procedure 166a(c)" when the challenge implicates the merits of a plaintiff's cause of action and the plea to the jurisdiction includes evidence. *Id*. at 227-28. Under this standard, we credit evidence favoring the nonmovant and draw all reasonable inferences in the nonmovant's favor. *See id*. at 228. The defendant must

assert the absence of subject-matter jurisdiction and present conclusive proof that the trial court lacks subject-matter jurisdiction. *Id*. If the defendant discharges this burden, the plaintiff must present evidence sufficient to raise a material issue of fact regarding jurisdiction, or the plea will be sustained. *Id*.

## I.    Within Scope of Employment

In its first issue, the City contends that Dang was outside the scope of his employment at the time of the accident. The TTCA provides a limited waiver of immunity for tort suits against governmental units. Tex. Civ. Prac. & Rem. Code § 101.021; *Tex. Dep't of Transp. v. Able*, 35 S.W.3d 608, 611 (Tex. 2000). Under the section of the TTCA relevant here, a governmental entity may be liable for the torts of its employee "acting within his scope of employment" arising from the operation or use of a motor-driven vehicle or equipment if, among other things, the "employee would be personally liable to the claimant according to Texas law." Tex. Civ. Prac. & Rem. Code § 101.021(1); *see also DeWitt v. Harris Cty.*, 904 S.W.2d 650, 653 (Tex. 1995). "Scope of employment" is defined as performance of "the duties of an employee's office or employment and includes being in or about the performance of a task lawfully assigned to an employee by competent authority." Tex. Civ. Prac. & Rem. Code § 101.001(5). If the employee is protected from liability by official immunity, the employee is not personally liable to the claimant, and the government retains its sovereign immunity. *DeWitt*, 904 S.W.2d at 653; *Quested v. City of Houston*, 440 S.W.3d 275, 280 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

The City asserts that an employee generally is not in the scope of his employment "while driving to or from work, even if driving the company vehicle and even if the employee is 'on-call' 24 hours a day." But none of the cases cited by the City in support of this argument involve the situation presented here—

where the employee was on-call, received a service call, clocked in, dropped off his personal vehicle, picked up his work vehicle, and was responding to the service call when an accident occurred.[3]

When a vehicle involved in an accident is owned by the defendant and the driver is an employee of the defendant, a presumption arises that the driver was acting within the scope of his employment when the accident occurred. *Molina v. City of Pasadena*, No. 14-17-00524-CV, 2018 WL 3977945, at *4 (Tex. App.—Houston [14th Dist.] Aug. 21, 2018, no pet.) (mem. op.) (citing *Robertson Tank Lines, Inc. v. Van Cleave*, 468 S.W.2d 354, 357 (Tex. 1971)). The presumption prevails when it is unrefuted. *Id*. Evidence that the driver was on a personal errand at the time of the accident rebuts the presumption. *Id*. It is then the plaintiff's burden to produce other evidence that the driver was in the course and scope of his employment.[4] *Id*.

The City contends that it has rebutted the presumption that Dang was acting within the scope of his employment when the accident occurred because Dang was only "commuting back to work . . . during his on-call shift." The problem with this

---

[3] *See, e.g., City of Houston v. Carrizales*, No. 01-20-00699-CV, 2021 WL 3556216, at *5 (Tex. App.—Houston [1st Dist.] Aug. 12, 2021, pet. denied) (mem. op.) (employee returning to workplace after lunch break); *City of Fort Worth v. Hart, as next friend of K.H.*, No. 10-17-00258-CV, 2019 WL 91676, at *4 (Tex. App.—Waco Jan. 2, 2019, pet. denied) (mem. op.) (officer commuting to work); *Molina v. City of Pasadena*, No. 14-17-00524-CV, 2018 WL 3977945, at *4-5 (Tex. App.—Houston [14th Dist.] Aug. 21, 2018, no pet.) (mem. op.) (employee returning to workplace after lunch break); *Lara v. City of Hempstead*, No. 01-15-00987-CV, 2016 WL 3964794, at *4 (Tex. App.—Houston [1st Dist.] July 21, 2016, pet. denied) (mem. op.) (officer commuting to work); *Garcia v. City of Houston*, 799 S.W.2d 496, 498 (Tex. App.—El Paso 1990, writ denied) (employee returning home from work).

[4] The City relies on *Molina* in support of its assertion that Dang was not in the scope of his employment when the accident happened. As mentioned, *Molina* is distinguishable because the employee in that case was returning to work after a lunch break ("a personal errand") when the accident occurred. 2018 WL 3977945, at *4-5. Here, Dang was already on the clock and had picked up his company vehicle for the express purpose of responding to a service call when the accident occurred.

argument is that Dang was not merely commuting to work or returning to work from a personal errand. Dang had received a service call, clocked in, dropped off his personal vehicle, picked up his company vehicle, and was responding to the service call when the accident occurred. Because he was responding to a service call while on the clock, he was "in or about the performance of a task lawfully assigned" by a competent authority. *See City of Houston v. Mejia*, 606 S.W.3d 901, 906-07 (Tex. App.—Houston [14th Dist.] 2020, pet. denied) (employee picking up husband's company vehicle upon request of supervisor was "in or about the performance of a task lawfully assigned" by a competent authority) (citing Tex. Civ. Prac. & Rem. Code § 101.001(5)). We conclude the City has not rebutted the presumption that Dang was acting within the scope of his employment when the accident occurred. We overrule the City's first issue.

## II.    Fact Question on Emergency Exception

In its second issue, the City argues Dang was responding to an emergency when the accident occurred and thus the City was entitled to immunity under the "emergency exception" to the TTCA. Under that section, the TTCA

> does not apply to a claim arising . . . from the action of an employee while responding to an emergency call or reacting to an emergency situation if the action is in compliance with the laws and ordinances applicable to emergency action, or in the absence of such a law or ordinance, if the action is not taken with conscious indifference or reckless disregard for the safety of others.

Tex. Civ. Prac. & Rem. Code § 101.055(2).

The plaintiff has the burden of proof to show that the emergency exception does not apply. *City of San Antonio v. Maspero*, 640 S.W.3d 523, 529 (Tex. 2022). Arellano could avoid dismissal by presenting evidence that when the accident occurred, Dang was not responding to an emergency call or reacting to an

6

emergency.[5] *See id.*; *see also Quested*, 440 S.W.3d at 284.

The City points to Dang's testimony that he was responding to an emergency call when the accident occurred. Arellano asserts that there is a fact question on this issue. In his deposition, Dang stated that he was required to respond to a service call for lack of heat "pretty quickly" because that situation is "considered an emergency." But he also responded "[c]orrect" to the question, "So when you say it's an emergency situation, it's not an emergency situation like a fire truck responding to a fire. It's an emergency situation within the department where you need to address it quickly, but it's not an emergency like a fire truck."

We conclude this testimony raises a fact question regarding whether Dang was responding to an emergency call or reacting to an emergency when the accident occurred.[6] Because the evidence viewed in Arellano's favor is sufficient to raise a fact question as to whether Dang was responding to an emergency call or reacting to an emergency when the accident occurred, the trial court did not err in denying the City's motion for summary judgment. *See, e.g.*, *Gillespie v. Galveston Cty. Health Dist.*, 639 S.W.3d 815, 822 (Tex. App.—Houston [14th Dist.] 2021, no pet.) (involving fact question on whether officer was reckless in entering intersection). We overrule the City's second issue.

---

[5] Alternatively, Arellano could have presented evidence that Dang's actions were not in compliance with the laws and ordinances applicable to emergency action or were reckless. *See Maspero*, 640 S.W.3d at 529; *see also Quested*, 440 S.W.3d at 284.

[6] The City relies on *Maspero* and *City of San Antonio v. Riojas*, 640 S.W.3d 534 (Tex. 2022) in support of its argument that the emergency exception applies. In those cases, both involving car accidents with police officers, whether an officer was responding to an emergency call or reacting to an emergency was not at issue. *Maspero*, 640 S.W.3d at 529 ("The Masperos do not dispute that Officer Kory was responding to an 'emergency situation.'"); *Riojas*, 640 S.W.3d at 537, 543 (regarding whether officer reasonably believed turning on emergency lights was justified in case "involving routine traffic management").

## *Conclusion*

Because the City failed to rebut the presumption that Dang was in the scope of his employment when the accident occurred and there is a material fact issue regarding whether the emergency exception applies, we affirm the trial court's order denying the City's motion for summary judgment based on lack of subject matter jurisdiction.

/s/    Frances Bourliot
        Justice

Panel consists of Chief Justice Christopher and Justices Bourliot and Spain.