**Reversed and Rendered and Memorandum Opinion filed August 8, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-23-00152-CV

---

### CITY OF HOUSTON, Appellant

### V.

### LORRAINE SANCHEZ, Appellee

---

### On Appeal from the 125th District Court
### Harris County, Texas
### Trial Court Cause No. 2022-65037

---

### MEMORANDUM OPINION

Appellee Lorraine Sanchez ("Sanchez") filed a negligence suit against appellant the City of Houston ("City") after a collision between a City-owned sports utility vehicle ("SUV") driven by a City employee and Sanchez's SUV. The City sought summary judgment based on governmental immunity, but the trial court denied the City's motion. In one issue, the City appeals that it is protected by governmental immunity because its employee was not acting in the scope of her employment at the time of the collision. We reverse and render judgment granting

the City's motion for summary judgment and dismissing appellant's claims against the City.

## I. BACKGROUND

Lisa Thom ("Thom"), an arson investigator within internal affairs for the City's fire department, was driving a City-owned SUV when she bumped the back of Sanchez's SUV while entering the ramp to the I-45 freeway in Houston, Texas, just after 4:00 p.m. in stop-and-go traffic. The two women exited the freeway ramp, exchanged information, and Sanchez proceeded on her way to pick up her granddaughter. Thom documented the accident time as 4:20 p.m. and drove to a nearby fire station to complete a driver's crash report.

Sanchez later sued the City for negligence, claiming that Thom failed to: yield to traffic, keep a proper lookout, pay attention while driving, control her speed, maintain a safe distance, brake timely, operate safely, and take proper evasive action. She pleaded that Thom was in the scope and course of her City employment at the time of the collision, and thus, the City's immunity was waived under the Texas Torts Claims Act ("TTCA"). *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.021(1).

The City filed a motion for summary judgment, asserting that the limited waiver of governmental immunity provided by the TTCA did not apply because Thom was not acting in the scope of her employment at the time of the accident. In an affidavit in support of the City's motion, Thom averred that she usually works from 8:30 a.m. to 4:00 p.m. On the day of the accident, she stopped work at approximately 4:00 p.m. and began her commute home, using her city-issued SUV. Thom further averred that she had completed her work duties for the day, was not on-call, and was traveling home. At the time of the accident, she stated she was not carrying out any duties or tasks for the City. Rather, she states that she was merely

2

commuting.

The trial court denied the City's motion for summary judgment, and this interlocutory appeal followed. *See id.* § 51.014(a)(8); *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 549 (Tex. 2019).

## II. STANDARD OF REVIEW & APPLICABLE LAW

We review a trial court's ruling on summary judgment de novo. *See Tex. Mun. Power Agency v. Pub. Util. Comm'n of Tex.*, 253 S.W.3d 184, 192 (Tex. 2007). We also review a motion or plea asserting governmental immunity de novo because it involves a question of law. *See Harris Cnty. Hosp. Dist. v. Tomball Reg'l Hosp.*, 283 S.W.3d 838, 842 (Tex. 2009).

When a governmental unit raises the affirmative defense of governmental immunity in a traditional summary judgment motion, it must establish the affirmative defense as a matter of law. *See* Tex. R. Civ. P. 166a(c); *Town of Shady Shores*, 590 S.W.3d at 551; *City of Houston v. Mejia*, 606 S.W.3d 901, 904 (Tex. App.—Houston [14th Dist.] 2020, pet. denied). If the movant conclusively establishes its entitlement to the affirmative defense of immunity, then the burden shifts to the nonmovant to present evidence sufficient to create a fact issue on at least one element of either the movant's affirmative defense or an exception to that affirmative defense. *See Mejia*, 606 S.W.3d at 904–05. We take as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *See Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 384 (Tex. 2016). Summary judgment is proper when a suit is barred as a matter of law because of a governmental unit's immunity. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–28 (Tex. 2004) (stating that the standard of review for a jurisdictional plea based on evidence generally mirrors the traditional-summary-judgment standard).

3

Governmental units are not liable for the torts of their agents unless there is a constitutional or statutory waiver of immunity. *City of Houston v. Daniels*, 66 S.W.3d 420, 424 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (citing *Mount Pleasant Indep. Sch. Dist. v. Estate of Lindburg*, 766 S.W.2d 208, 211 (Tex. 1989)). The TTCA waives a governmental unit's immunity from suit for personal injuries arising from the negligent use of a motor vehicle by an employee acting within the scope of her employment when the employee would be personally liable to the claimant under Texas law. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.025, 101.021(1). Under the Act, "scope of employment" means the performance of "the duties of an employee's office or employment and includes being in or about the performance of a task lawfully assigned to an employee by competent authority." *Id.* § 101.001(5). Generally, whether a person is acting within the scope of her employment depends on whether the act from which an injury arose was in furtherance of the employer's business and for the accomplishment of the objective for which the employee was employed. *See Leadon v. Kimbrough Bros. Lumber Co.*, 484 S.W.2d 567, 569 (Tex. 1972). The scope-of-employment analysis is an objective inquiry considering whether there is a connection between the employee's job duties and the alleged tortious conduct. *See Laverie v. Wetherbe*, 517 S.W.3d 748, 753 (Tex. 2017).

When a vehicle involved in a collision is owned by the driver's employer, a presumption arises that the driver was acting in the course and scope of employment when the collision occurred. *See Robertson Tank Lines, Inc. v. Van Cleave*, 468 S.W.2d 354, 357 (Tex. 1971); *City of Houston v. Arellano*, 654 S.W.3d 483, 486 (Tex. App.—Houston [14th Dist.] 2022, pet. denied). But if there is evidence that the driver was not in furtherance of her employer's business, the presumption is rebutted. *See City of Houston v. Carrizales*, No. 01-20-00699-CV,

4

2021 WL 3556216, at *4 (Tex. App.—Houston [1st Dist.] Aug. 12, 2021, pet. denied) (mem. op.). Conduct falls outside the scope of employment when it occurs "within an independent course of conduct not intended by the employee to serve any purposes of the employer." *Garza v. Harrison*, 574 S.W.3d 389, 400 (Tex. 2019). If the employer's evidence rebuts the presumption, then the burden shifts back to the plaintiff to produce other evidence that the driver was in the course and scope of her employment at the time of the collision. *Robertson Tank Lines*, 468 S.W.2d at 358; *see Arellano*, 654 S.W.3d at 486–87.

Under the coming-and-going rule, an "employee is generally not acting within the scope of [her] employment when traveling to and from work." *Painter v. Amerimex Drilling I, Ltd*., 561 S.W.3d 125, 136 (Tex. 2018). The coming-and-going rule reflects that an accident while traveling to and from work does not generally arise from a person's employment but instead from the risks and hazards inherent to the driving public. *Smith v. Tex. Emp. Ins. Ass'n*, 105 S.W.2d 192, 193 (Tex. [Comm'n Op.] 1937); *see Cameron Int'l Corp. v. Martinez*, 662 S.W.3d 373, 376 (Tex. 2022). "Such travel hazards do not arise out of the business of an employer; thus, the law does not hold the employer liable for injuries resulting from engaging in these risks." *Cameron*, 662 S.W.3d at 376.

## III.   APPLICATION

It is undisputed that Thom, a City employee, was driving a City-owned SUV when the collision occurred. This evidence raises the presumption that she was acting in the course and scope of her employment. *See Robertson Tank Lines*, 468 S.W.2d at 357.

To rebut this presumption, the City offered Thom's affidavit, in which she states that she "had already completed my work duties" for the day and "was merely commuting home" when the collision occurred. The City's evidence thus

establishes that under the coming-and-going rule, Thom was not conducting the City's business and was not acting in the scope of her employment at the time of the collision. *See Painter*, 561 S.W.3d at 136; *Martin v. Village of Surfside Beach*, No. 14-22-00085-CV, 2023 WL 3476939, at *4 (Tex. App.—Houston [14th Dist.] May 16, 2023, no pet.) (mem. op.) (evidence that village employee was simply returning home after work rebutted the presumption that he was acting in the course and scope of his employment when he wrecked in a village-owned truck); *Lara v. City of Hempstead*, No. 01-15-00987-CV, 2016 WL 3964794, at *4–5 (Tex. App.—Houston [1st Dist.] July 21, 2016, pet. denied) (mem. op.) (evidence showed assistant police chief was commuting to work in his patrol car in the morning when collision occurred).

Thus, the burden shifted back to Sanchez to produce other evidence that Thom was acting in the course and scope of her employment at the time of the collision. *Martin*, 2023 WL 3476939, at *3. In her response to the City's motion for summary judgment, Sanchez argued there was a fact issue about whether Thom was in the course and scope of her employment. Specifically, Sanchez provided Thom's deposition testimony that her designated work hours are 8:00 a.m. until 6:00 p.m., which Sanchez argues raises a fact issue whether Thom was still at work during the 4:20 p.m. collision. However, it is a well-established principle that merely because an employee is on duty does not mean that the person is always acting within the scope of her employment. *See Martin*, 2023 WL 3476939, at *4. Further, regardless of when Thom's designated work hours ended, it is undisputed that she had left her work and was headed home when the accident occurred. *See id*.

The remaining evidence on which Sanchez relies, Thom's uniform, badge, and business card, her occasional duties in the field or on-call, and her driving to a

fire station to make a report about the incident, is not sufficient to create a fact issue on scope of employment. If, for example, Thom's fire department uniform and identification sufficed to create a fact issue, then scope of employment issues would be in question in every motor vehicle accident involving an employee who wears a uniform or other employer insignia. *See id*. at *5; *cf. Garza v. Harrison*, 574 S.W.3d 389, 405 (Tex. 2019) ("This is not to say, however, that mere objective indicia of official capacity—for example, wearing a uniform, flashing a badge, or using a police vehicle—establishes course and scope of employment as a matter of law."). As we stated in *Martin*:

> [t]his . . . ignores the reality that many governmental unit employees must necessarily wear uniforms or other employer-designated clothing while traveling to and from work. Even in those instances, a governmental unit employee is not considered to be in the scope of employment if he or she is simply driving to or from work or otherwise engaged in personal activities.

2023 WL 3476939, at *5.

Further, occasionally being on call and working in the field does not raise a fact issue that Thom was acting in the course and scope of employment when the collision occurred. *See id.* at *4; *Garcia v. City of Houston*, 799 S.W.2d 496, 499 (Tex. App.—El Paso 1990, writ denied) ("[E]ven where an employee is on call 24 hours a day he must be engaged in or about the furtherance of the affairs or business of his employer to be in the scope of his employment.").

Because the uncontroverted evidence conclusively proves that Thom was not acting in the course and scope of her employment with the City when the collision with Sanchez occurred, we conclude that the City's governmental immunity has not been waived and the City established its entitlement to summary judgment.

We sustain the City's issue on appeal, reverse the trial court's order denying the City's summary judgment, and render judgment dismissing Sanchez's claims against the City.


/s/    Margaret "Meg" Poissant
Justice


Panel consists of Justices Hassan, Poissant, and Wilson.