Opinion issued November 20, 2025



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-25-00239-CV

———————————

**HARRIS COUNTY, TEXAS, Appellant**

**V.**

**OWEN ANDERSON, Appellee**

---

**On Appeal from the 157th District Court**
**Harris County, Texas**
**Trial Court Case No. 2023-72326**

---

## MEMORANDUM OPINION

In this accelerated interlocutory appeal, Harris County (the "County") appeals from an order denying its plea to the jurisdiction based on governmental immunity from suit. We affirm the trial court's order.

## Background

This suit arises out of a car accident between a car driven by appellee Owen Anderson and a police cruiser driven by Sergeant B. J. Johnson. At the time of the crash, Sgt. Johnson was employed by the Harris County Sheriff's Office as a sergeant in patrol. His duties included those of a normal patrol officer and of a supervisor, including traffic stops. At the time of the crash, Sgt. Johnson was driving home after attending a training. He testified that the training ended around 1:00 p.m., and his shift ended at 2:00 p.m. As Sgt. Johnson was exiting the highway, the appellee's vehicle pulled out from a private driveway on to the feeder road. The two vehicles collided.

Anderson sued the County for negligence. He alleged that the County had waived its governmental immunity from suit because Sgt. Johnson was acting within the scope of his employment as a County employee at the time of the accident. *See* TEX. CIV. PRAC. & REM. CODE § 101.021(1). The County filed a plea to the jurisdiction, arguing that Sgt. Johnson was not within the scope of his employment, and therefore the County had not waived its immunity from suit. The trial court denied the County's jurisdictional plea. The County appeals.

## Discussion

It is undisputed that municipalities like the County have governmental immunity from suit except to the extent that it is waived by the Tort Claims Act and

that the Act waives this immunity from suit for certain negligent acts by governmental employees. It is also undisputed that Sgt. Johnson was a County employee driving a County-owned vehicle at the time of the incident.

The County argues that the trial court erred in denying its plea to the jurisdiction because Sgt. Johnson was not within the scope of his employment at the time of the crash. The County argues that while Sgt. Johnson was driving a police cruiser and the crash occurred before the end of his shift, Sgt. Johnson was not performing any duties of his employment at the time. He was simply driving home. Anderson responds that the County has not met its burden to conclusively establish that at the time of the crash, Sgt. Johnson was outside the scope of his employment. We agree with Anderson.

## A.    Standard of Review

A plea to the jurisdiction based on governmental immunity challenges the trial court's subject matter jurisdiction. *City of Houston v. Downstream Env't*, 444 S.W.3d 24, 31 (Tex. App.—Houston [1st Dist.] 2014, pet. denied). The existence of subject-matter jurisdiction is a question of law subject to de novo review. *City of Houston v. Lal*, 605 S.W.3d 645, 648 (Tex. App.—Houston [1st Dist.] 2020, no pet.).

A plea to the jurisdiction may challenge the sufficiency of the jurisdictional facts pleaded in the petition or the existence of jurisdictional facts. *City of Houston v. Nicolai*, 539 S.W.3d 378, 385 (Tex. App.—Houston [1st Dist.] 2017, pet. denied).

3

The County's motion challenges the existence of a jurisdictional fact, namely whether Sgt. Johnson was acting within the scope of his employment when the accident occurred.

Where, as here, a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider the evidence material to the jurisdictional issues raised by the parties. *Lenoir v. U.T. Physicians*, 491 S.W.3d 68, 76 (Tex. App.—Houston [1st Dist.] 2016, pet. denied). If the evidence is conclusive or does not raise a fact question as to the jurisdictional issue, then we decide the jurisdictional issue as a matter of law. *Id.* Conclusive evidence includes undisputed evidence that solely permits one logical conclusion, evidence that is admittedly true, and evidence that is conclusively disproved. *Id.* If, however, the evidence instead raises a fact question as to the jurisdictional issue, then the plea must be denied, and a factfinder must resolve the issue. *Nicolai*, 539 S.W.3d at 386; *Lenoir*, 491 S.W.3d at 76.

Our review of a plea to the jurisdiction is de novo and mirrors the standard of review of a traditional motion for summary judgment. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012). In our review, we "take as true all evidence favorable to the nonmovant. We indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Miranda*, 33 S.W.3d at 228 (internal citation omitted).

4

**B.     Scope of Employment**

The Texas Tort Claims Act waives a governmental unit's immunity from suit for personal injuries arising from the negligent use of a motor vehicle by an employee acting within the scope of his employment when the employee would be personally liable to the claimant under Texas law. TEX. CIV. PRAC. & REM. CODE § 101.021(1). It is undisputed that the County is a governmental unit for purposes of the Act. *Id.* § 101.001(3)(B). Under the Act, "scope of employment" means the performance of "the duties of an employee's office or employment" and "includes being in or about the performance of a task lawfully assigned to an employee by competent authority." *Garza v. Harrison,* 574 S.W.3d 389, 400 (Tex. 2019) (citing TEX. CIV. PRAC. & REM. CODE § 101.001(5)).

The key inquiry is whether, when viewed objectively, a connection exists "between the employee's job duties and the alleged tortious conduct." *Garza*, 574 S.W.3d at 401 (quotation and citation omitted). "Simply stated, a governmental employee is discharging generally assigned job duties if the employee was doing his job at the time of the alleged tort." *Id.* The employee's state of mind, motives, and competency are irrelevant. *Id.* And conjecture as to whether the government employee was acting within the course and scope of his employment when committing the tort also carries no weight. *Alief Indep. Sch. Dist. v. Velazquez,* No.

5

01-22-00444-CV, 2023 WL 3555495, at *7 (Tex. App.—Houston [1st Dist.] May 18, 2023, no pet.) (mem. op.).

Whether a police officer was on duty or off is not dispositive as to whether he was acting within his employment's scope. *Garza*, 574 S.W.3d at 405. Nor is the officer's use of a police vehicle dispositive. *Id.* Instead, we must examine the capacity in which the officer was acting at the time he committed the allegedly tortious acts. *Lal*, 605 S.W.3d at 649. "In simpler terms, we consider what the officer was doing and why he was doing it." *Id.* (citing *Lara v. City of Hempstead*, No. 01-15-00987-CV, 2016 WL 3964794, at *4 (Tex. App.—Houston [1st Dist.] July 21, 2016, pet. denied) (mem. op.)). An officer's act falls outside the scope of his employment if and only if his act did not serve any purpose of his employer. *Garza*, 574 S.W.3d at 400–01. The key question is whether, when viewed objectively, there was a connection between the officer's job duties and his allegedly tortious act. *Id.* at 401; *Lal*, 605 S.W.3d at 649.

## C.   Sgt. Johnson's Deposition

In his deposition, Sgt. Johnson stated that he is a sergeant in patrol for the Harris County Sheriff's Office. He had been employed by the County for 31 years, and for the last 24 years, he was a patrol officer. His job duties include responding to the scenes of vehicular accidents and crimes.

Right before the crash with Anderson, Sgt. Johnson was driving on the highway from Katy, Texas to his home in Richmond, Texas. He had been attending building entry training. He testified that the training ended about 1:00 p.m. and his shift ended at 2:00 p.m. He was headed home "to end [his] shift."

As he exited the freeway, Sgt. Johnson noticed another car following too close behind him. Sgt. Johnson testified that the car tailgated him for a minute or two before he exited. They both exited at the same time, and Sgt. Johnson was paying attention to the tailgating car. Sgt. Johnson testified that he could have been distracted by the car that was tailgating him. Suddenly, Anderson's car backed out of a private driveway, and they collided. The right front of Sgt. Johnson's patrol car hit the left rear quarter panel of Anderson's vehicle.

**D.    Analysis**

In car-collision cases, when a vehicle involved in a collision is owned by the driver's employer, a presumption arises that the driver was acting in the course and scope of his employment when the collision occurred. *Robertson Tank Lines Inc. v. Van Cleave*, 468 S.W.2d 354, 357 (Tex. 1971); *City of Houston v. Rios*, No. 01-23-00794-CV, 2024 WL 3571649, at *6 (Tex. App.—Houston [1st Dist.] July 30, 2024, pet. denied) (mem. op.). If there is evidence that the driver was on a personal errand, or otherwise not in furtherance of his employer's business, the presumption vanishes. *City of Houston v. Carrizales*, No. 01-20-00699-CV, 2021 WL 3556216,

7

at *5 (Tex. App.—Houston [1st Dist.] Aug. 12, 2021 pet. denied) (mem. op.) (city utility worker whose job required partner to investigate sewer complaints was outside scope of employment when alone driving city-owned truck returning to work after lunch at home). If the employer proffers evidence rebutting the presumption, the burden shifts back to the plaintiff to produce other evidence that the driver was acting in the scope of her employment at the time of the collision. *Robertson Tank Lines*, 468 S.W.2d at 358; *Rios*, 2024 WL 3571649 at *6, *Carrizales*, 2021 WL 3556216, at *4.

It is undisputed that Sgt. Johnson was employed by the County and was in his county-issued police cruiser at the time of the collision. This evidence raises the presumption that he was within the scope of his employment when the collision occurred. *Robertson Tank Lines*, 468 S.W.3d at 357; *Rios*, 2024 WL 3571649, at *6.

The County argues that the presumption was rebutted because Sgt. Johnson was driving home from work. The County cites to *Lara v. City of Hempstead* to support its argument that Sgt. Johnson was outside the scope of his employment because he was merely commuting home at the time of the collision. *Lara*, 2016 WL 3964794, at *4. In *Lara*, while driving his assigned police vehicle, an assistant police chief collided with the plaintiff's vehicle during his morning commute from a neighboring county. *Id.* at *1. The city presented evidence that the assistant chief was authorized to use his vehicle to commute to and from work and was "primarily

8

assigned to 'office' duties, ha[d] no regular duties involving operation of a police vehicle, was off-duty at the time of the collision, was not being paid for his service at that time, had no official duties or assignments at that time, was driving to work, and would be considered on-duty only upon his arrival at work." *Id.* Additionally, the city produced evidence that the assistant chief had not performed any official duties before the collision and "had not performed any services for the city or been asked to do so since leaving work on Friday of the previous week." *Id.* at *4. Our Court concluded this evidence was sufficient to rebut the presumption that the assistant chief was acting in the scope of his employment at the time of the accident. *Id.* At the time of the accident, the officer was not acting within the scope of his duties because the activity of commuting to work was not in furtherance of his employer's business. *Id.* at *3–5.

Unlike in *Lara*, Sgt. Johnson was on duty at the time of the crash, and his shift did not end until 2:00 p.m. He was commuting home, but his shift was not over. When driving a vehicle is part of an employee's work duties, evidence that the employee was going to or leaving work does not conclusively rebut the presumption that the employee was acting in the course and scope of his employment. *See Rios*, 2024 WL 3571649, at *9 (holding city failed to overcome presumption that its employee driving city-owned truck was in course and scope of employment when driving vehicle to and from worksite was part of employee's work duties); *City of*

9

*Houston v. Mejia*, 606 S.W.3d 901, 906–07 (Tex. App.—Houston [14th Dist.] 2020, pet. denied) (concluding summary judgment evidence did not support conclusion that officer was merely commuting home when she was driving city-issued vehicle her husband, a superior officer, had asked her to pick up so that he could have it at beginning of his next shift, which benefitted city).

We agree with Anderson that the facts here are closer to *City of Houston v. Fisher*, No. 14-21-00573-CV, 2023 WL 2322971, at *4 (Tex. App.—Houston [14th Dist.] Mar. 2, 2023, pet. denied) (mem. op.) In that case, a patrol officer was in a car accident during his shift. At the time, he was driving his patrol vehicle returning to the station after eating lunch. The city argued that the officer was not performing any of his job duties at the time of the accident. The appellate court held that as a patrol officer, "in the absence of evidence that he was still on his lunch break or doing a personal errand unrelated to his employment, [the officer] had already returned to his 'place of work' when he got back to his patrol car, resuming his responsibilities as a patrol officer by driving his car." *Id.* at *5. The court could not find that the officer's conduct, driving his patrol car after his lunch break, did not serve any purpose of his employer to fall outside the scope of his employment. *Id.*

Here, the evidence shows that Sgt. Johnson's regular work duties included responding in a patrol car to the scenes of accidents and crimes. He testified that just before the incident he was paying attention to another vehicle who was following

too close behind his patrol car. In reviewing a plea to the jurisdiction, we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Miranda*, 33 S.W.3d at 228. The County bore the burden to conclusively establish that Sgt. Johnson's activities at the time of the accident served no purpose for his employer. *See Garza*, 54 S.W.3d at 400; *Mejia*, 606 S.W.3d at 905–06. We cannot find that Sgt. Johnson's conduct, driving his patrol car during his shift to his home, did not serve any purpose of his employer to fall outside the scope of his employment. We cannot conclude that the evidence conclusively proves that Sgt. Johnson was not acting within the scope of his employment. The trial court therefore did not err in denying the County's plea to the jurisdiction.

We overrule the County's issue on appeal.

## Conclusion

We affirm the trial court's order denying the County's plea to the jurisdiction.


        Susanna Dokupil
        Justice

Panel consists of Chief Justice Adams and Justices Morgan and Dokupil.