**Affirmed and Memorandum Opinion filed June 4, 2024.**



In the

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

### NO. 14-23-00423-CV

**CITY OF HOUSTON, Appellant**

**V.**

**ASHLEY HARRIS, Appellee**

**On Appeal from the 133rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 2018-57182**

## M E M O R A N D U M   O P I N I O N

In this personal-injury case arising from a motor-vehicle accident, the City of Houston appeals the denial of its motion for traditional summary judgment on the ground of immunity. Because the plaintiff successfully raised a genuine issue of material fact as to whether a City employee driving a City-owned vehicle was acting within the scope of his employment when the accident occurred, we affirm.

# I. BACKGROUND

On the morning of November 4, 2016, police officer Leocadio Flores and his daughter left the Flores home in an unmarked Ford F150 owned by Flores's employer, the City of Houston. Flores dropped his daughter off at school and continued driving to his office. While driving east on West Little York Road, Flores failed to notice that the traffic ahead of him was stopped, and he drove into the back of plaintiff Ashley Harris's vehicle, pushing Harris's car into the back of the vehicle ahead of her. Harris sued the City for personal injuries and related damages, and the City moved unsuccessfully for traditional summary judgment on the ground of governmental immunity. The City now brings this interlocutory challenging the denial of its motion.

# II. STANDARD OF REVIEW

Subject-matter jurisdiction is necessary to a court's authority to decide a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). A plaintiff must allege facts affirmatively showing the trial court has subject-matter jurisdiction, *id.* at 446, and a party may challenge the lack of subject-matter jurisdiction by filing a plea to the jurisdiction or by other means, including, as here, by motion for summary judgment. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000); *see also Buzbee v. Clear Channel Outdoor, LLC*, 616 S.W.3d 14, 21 (Tex. App.—Houston [14th Dist.] 2020, no pet.). Because the existence of subject-matter jurisdiction is a question of law, we review the court's ruling de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *City of Brazoria v. Ellis*, No. 14-14-00322-CV, 2015 WL 3424732, at *3 (Tex. App.—Houston [14th Dist.] May 28, 2015, no pet.) (mem. op.).

To obtain a traditional summary judgment based on lack of jurisdiction, a movant must produce evidence showing that no genuine issue of material fact exists

2

and that it is entitled to judgment as a matter of law. *See Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 551 (Tex. 2019) (citing TEX. R. CIV. P. 166a(c)). The nonmovant may raise a genuine issue of material fact by producing "'more than a scintilla of evidence establishing the existence of the challenged element.'" *Id.* (quoting *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004)). Though the City asserted immunity by way of a traditional summary-judgment motion, the applicable standards generally mirror those governing review of an order denying a plea to the jurisdiction. *See Miranda*, 133 S.W.3d at 228; *Ellis*, 2015 WL 3424732, at *3. A defendant's jurisdictional plea may challenge either the plaintiff's pleadings or the existence of jurisdictional facts. *Miranda*, 133 S.W.3d at 228. The City challenged the existence of jurisdictional facts, so we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do. *See id.* at 227. Whether immunity is asserted by a traditional motion for summary judgment or a plea to the jurisdiction, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts arising from such evidence in the nonmovant's favor. *See id.* at 228. If the relevant evidence is undisputed or a fact question is not raised relative to the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* If the evidence creates a fact question regarding the jurisdictional issue, the trial court cannot grant the plea, and the fact issue will be resolved by the fact finder. *See id.* at 227–28.

### III. THE TEXAS TORT CLAIMS ACT

The state generally has sovereign immunity from suit and liability. *See Wasson Interests, Ltd. v. City of Jacksonville*, 489 S.W.3d 427, 429–30 (Tex. 2016). When political subdivisions of the state act in a governmental capacity, they share in the state's immunity, which is then referred to as governmental immunity. *See id.*

Unless waived, governmental immunity from suit defeats a trial court's subject-matter jurisdiction. *See Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004).

The Texas Tort Claims Act (TTCA) provides a limited waiver of governmental immunity if certain conditions are met. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021, 101.025. Under these provisions, governmental immunity from suit and liability is waived for, among other things, personal injuries or property damage proximately caused by the wrongful act, omission, or negligence of a governmental employee acting within the scope of employment if the harm or damage "arises from the operation or use of a motor-driven vehicle" and "the employee would be personally liable to the claimant according to Texas law." *Id.* § 101.021(1). Governmental immunity is waived to the extent of liability created by the TTCA, permitting a plaintiff to sue for those damages allowed by the statute. *Id.* § 101.025.

## IV. APPLICATION

In its summary-judgment motion, the City argued that the TTCA's limited waiver of immunity does not apply to Harris's claims because Flores was not acting within the scope of his employment when the accident occurred. The TTCA defines "scope of employment" to mean "the performance for a governmental unit of the duties of an employee's office or employment and includes being in or about the performance of a task lawfully assigned to an employee by competent authority." *Id.* § 101.001(5).

As the City acknowledged in its motion, when a vehicle involved in a collision is owned by the driver's employer, a rebuttable presumption arises that the driver was acting within the scope of the driver's employment at that time. *See, e.g.*, *Robertson Tank Lines, Inc. v. Van Cleave*, 468 S.W.2d 354, 357 (Tex. 1971); *Martin v. Vill. of Surfside Beach*, No. 14-22-00085-CV, 2023 WL 3476939, at *2–3 (Tex.

4

App.—Houston [14th Dist.] May 16, 2023, no pet.) (mem. op.). The presumption vanishes upon introduction of evidence that the driver was not acting within the scope of the driver's employment when the accident occurred. *Robertson*, 468 S.W.2d at 358. The burden then shifts to the plaintiff to produce other evidence that the driver was acting within the scope of his or her employment. *Id.*

Because Flores was a City employee driving a City vehicle when the accident occurred, the presumption arose that Flores was acting within the scope of his employment. But, under the "coming-and-going" rule, an employee ordinarily is not acting within the scope of employment while traveling on public roads to or from work, because the hazards of such travel do not arise out of the employer's business. *Cameron Int'l Corp. v. Martinez*, 662 S.W.3d 373, 376 (Tex. 2022) (per curiam). Whether the employer can be held liable for the employee's conduct "'hinges on an objective assessment of whether the employee was doing his job' at the time." *Id.* at 378 (quoting *Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 132 (Tex. 2018)).

The City produced evidence rebutting the presumption that Flores was acting within the scope of his employment at the time of the accident. The City offered Flores's deposition testimony that he lives 25–30 miles from the office to which he reports, and that the accident happened while Flores was driving to that office after dropping his daughter off at school. The summary-judgment evidence showed that the accident happened at 7:10 a.m.,[1] whereas Flores did not begin work until 8:00 a.m. Before the accident, there were no calls to or from Flores's personal cell phone

---

[1] Although Harris argues on appeal that the accident happened between 7:10 a.m., and 7:20 a.m., the material she cites for the later time is not part of the summary-judgment record. In this summary-judgment proceeding, she and the City both relied on the same crash report completed by a police offer who arrived on the scene at 7:11 a.m., and who gave the time of the accident as 7:10 a.m.

or the cell phone issued to him by the City. Flores testified that he does not receive calls for service and was not responding to a crime or other emergency at that time. Flores's supervisor Sgt. D. Balderaz similarly attested that Flores works from 8:00 a.m. to 4:00 p.m.; does not receive service calls; was not on-duty while driving to work; and was not paid for that time. As a result of this evidence, the presumption arising from Flores's use of a City-owned vehicle dropped from the case and the burden shifted to Harris to raise a genuine issue of material fact as to whether Flores had been acting within the scope of his employment.

In her summary-judgment response, Harris stated that "the City of Houston itself has been unclear on the issue. In fact, by its own admission the City of Houston admitted that Officer Flores was acting in the course and scope of his employment with the City at the time of the collision. *See* Exhibit B." The exhibit contains the City's original responses to Harris's first set of interrogatories and first requests for admission.

Three of those discovery responses are significant. In Interrogatory No. 10, Harris asked the City to "state where Leocadio J. Flores was coming from and where he was going to before the collision occurred," and the City answered, "Leocadio J. Flores was operating Houston's vehicle as required by his employment with Houston." In Interrogatory No. 6, Harris asked the City to "state whether Leocadio J. Flores was within the course and scope of employment for Defendant at the time of the collision. If not, please state when Leocadio J. Flores had left his course and scope of his employment immediately prior to the collision." The City answered, subject to its objections, "please see Houston's response to Plaintiff's Request for Admission No. 6 in this cause." That request reads, "Admit or deny that Leocadio J. Flores was acting in the course and scope of his employment with Defendant when he was involved in the collision." The City responded, "Admit."

The City did not mention this evidence in its opening brief, but Harris did. In its reply brief, the City stated that its original admissions were amended with the trial court's permission, and without opposition from Harris. The City further asserted that its "amended discovery responses control, and the City does not admit Flores was acting within the course and scope of his employment."

We are uncertain about what the City intended by its appellate statement that its "amended discovery responses control." First, the City does not contend that its answers to interrogatories were amended, so this statement does not apply to its answer to Interrogatory No. 10, in which the City stated that "Leocadio J. Flores was operating Houston's vehicle as required by his employment with Houston" when the accident occurred. Second, if the City is suggesting that its original responses to requests for admission cannot be considered, then the City is mistaken. Even though superseded admissions cease to be conclusive judicial admissions, *see Lake Jackson Med. Spa, Ltd. v. Gaytan*, 640 S.W.3d 830, 839 (Tex. 2022), they are still evidence. *See* TEX. R. EVID. 801(e)(2) (statements of a party-opponent are generally admissible); *Bay Area Healthcare Grp., Ltd. v. McShane*, 239 S.W.3d 231, 235 (Tex. 2007) (stating that, generally speaking, "*any* statement by a party-opponent is admissible against that party") (emphasis in original). The City's only objection to Harris's summary-judgment evidence was that the material was filed late. The trial court did not sustain the objection but instead offered to continue the summary-judgment hearing so as to make Harris's evidence timely filed. The City refused this offer, and raised no other objections in the trial court.[2] Thus, the City's discovery responses quoted above were properly before the trial court.

---

[2] When Harris filed her summary-judgment response, she did not successfully file the evidence cited therein. In its reply, the City asked the trial court to strike both Harris's unfiled evidence and to strike from Harris's summary-judgment response all arguments based on those missing exhibits. In support of this request, the City attached all of Harris's missing summary-

This evidence is sufficient to raise a genuine issue of material fact as to whether Flores was acting within the scope of his employment at the time of the accident. Although summary judgment can be based on the testimonial evidence of an interested witness "if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted,"[3] the City's discovery responses are inconsistent with Flores's testimony that he was merely commuting and not acting within the scope of his employment when the accident occurred. Because the evidence is inconsistent, the trial court was required to credit the City's discovery responses offered by Harris rather than the conflicting evidence cited by the City.

## V. CONCLUSION

We overrule the sole issue presented and affirm the trial court's order denying the City's traditional motion for summary judgment on the ground of governmental immunity.

/s/   Tracy Christopher
Chief Justice

Panel consists of Chief Justice Christopher and Justices Zimmerer and Wilson.

---

judgment exhibits. The trial court stated on the record that it knew Harris's exhibits were in the file, and it declined to strike them. The City refused the trial court's offer to continue the summary-judgment hearing to give the City more time to respond to the late-filed exhibits.

[3] *See* TEX. R. CIV. P. 166a(c).