**Opinion issued July 16, 2024**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-23-00335-CV

———————————

**THE CITY OF HOUSTON, Appellant**

**V.**

**AMBER STOFFER, Appellee**

---

**On Appeal from the 190th District Court**
**Harris County, Texas**
**Trial Court Case No. 2022-31179**

---

## MEMORANDUM OPINION

The City of Houston (City) appeals the trial court's order denying its motion for summary judgment in this personal injury suit arising from a motor vehicle accident brought by Amber Stoffer (Stoffer). In its sole issue, the City contends that the trial court erred in denying summary judgment because no genuine issue of

material fact exists as to whether the City's employee was acting within the course and scope of her employment at the time the collision occurred. We affirm.

## Background

On March 1, 2021, at 5:36 p.m., Houston Fire Department (HFD) Captain Nancy Tollett and Stoffer were involved in a motor vehicle accident at the intersection of TC Jester Boulevard and Larkin Street in Houston, Texas. Stoffer sued the City under the Texas Tort Claims Act (TTCA)[1] asserting a claim of negligence. The City answered asserting a general denial, special exceptions, and affirmative defenses, including governmental immunity.

The City filed a traditional motion for summary judgment seeking dismissal of Stoffer's claims on the ground that the trial court lacked subject matter jurisdiction. It argued that Captain Tollett was not acting within the course and scope of her employment at the time of the collision and therefore the City retained its governmental immunity under the TTCA. The City argued that, at the time of the collision, Captain Tollett had ended her workday and was returning home, and that she was not performing any duty to further the City's business nor was she on a special mission for her employer. In support of its motion, the City attached Captain Tollett's affidavit, in which she testified as follows:

> I was assigned as a Senior Captain/Incident Safety Officer for the Houston Fire Department at fire station 57 located at 13602 Memorial

---

[1]    TEX. CIV. PRAC. & REM. CODE § 101.021.

Drive, Houston TX 77079 on the C-Shift until my retirement on June 18th, 2021. My normal duties were to ensure the safety of firefighters and citizens on emergency incidents.

In addition to my regular duties, I was assigned a special project converting our fire department to a radio-based firefighter tracking system which was worked on an overtime basis outside of my regular duties. I assumed those responsibilities in the summer of 2020 due to the retirement of the chief who initiated the project.

My responsibilities with this project were to ensure the development of software and radio compatibility for the HFD system, converting radios to the new software and training all firefighters in the city of Houston on how to use the new system.

On March 1, 2021, I was on overtime conducting training for the radio project. During this final period of the project, I would train two fire districts per day with trainings starting at 8:00 am and 1:00 pm. Trainings would take approximate[ly] 2-3 hours and equipment upgrades, testing and exchanges would take approximately 1 hour.

My overtime began when I reached the station to be trained, usually between 7:00-7:30 am, and stopped when training and equipment matters were completed, usually between 4:30 and 5:00 pm.

I cannot remember what districts were trained that day. I know training for that day had been completed and I was traveling northbound on TC Jester returning to my home in Houston TX 77002 at approximately 5:30 pm.

I needed fuel and was going to stop at the convenience store located at Larkin and TC Jester. The light at that intersection does not have a protected left turn. There were two cars in front of me at the light. When there was a break in traffic, the two cars ahead proceeded to make the left turn and I followed. The first car turned into the convenience store and the second car (the one ahead of me) came to a complete stop. A vehicle traveling at a high rate of speed in the far-right southbound lane came over the TC Jester bridge. There was another car in the eastbound lane of Larkin so I could not move past the car ahead of me. The southbound vehicle did not engage the brakes until it was in front of the

3

convenience store and struck the vehicle [] I was driving on the passenger side. There was nothing I could do to get out of the way.

I performed an assessment on the driver of that vehicle who denied any injury and reported the incident to HFD dispatch. District Chief 6, James McDonald, and A11[2] responded to the scene. The driver of the vehicle was ambulatory, examined by A11 crew and denied transport to the hospital. I completed my accident report, submitted it to Chief McDonald and waited for Houston Police to respond and release the scene. My husband met me at the scene to drive me home.

At the time of the collision, I had already completed my work duties related to my overtime duties, special project, with the City of Houston, and I was travel[]ing home. While working on the special project, I am not on-call and was not expected to return to work until the next workday. At the time of the collision, I was not carrying out any duties or tasks for the City of Houston. I was merely stopping at the convenience store for my own person[al] needs during my commut[e] home.

Stoffer responded to the City's motion for summary judgment arguing that Captain Tollett was acting within the course and scope of her employment when the collision occurred. In support of her argument, Stoffer attached as summary judgment evidence Captain Tollett's affidavit as well as excerpts from her later deposition in which she testified that she was "having to travel so much on the training project [she] was doing," and that the City issued a vehicle to her so that she could carry out her job duties on the special project. Stoffer argued that Captain Tollett was carrying out a duty for her job at the time of the collision; specifically, she was going to fill her employer-issued vehicle with fuel using a city-issued fuel

---

[2]     A11 is an HFD ambulance number.

4

card so that she could continue using the vehicle to travel to different fire districts the next day. Stoffer also pointed to Captain Tollett's testimony that she typically refueled the city-issued vehicle at one of the HPD locations, but if that option was unavailable, she would use her HFD-issued fuel card to pay for fuel at a gas station.

Stoffer filed a brief in support of her summary judgment response arguing that *Cameron International Corp. v. Martinez*, 662 S.W.3d 373, 375 (Tex. 2022), cited by the City, was distinguishable from the facts in this case. In *Martinez*, a vicarious lability case, the defendant's employee, an oil field worker, had completed his shift when he drove his personal truck to meet his supervisor for dinner in another town. *See id.* at 375. Afterwards, the employee drove to a nearby store to purchase food and drink for his personal needs and then to a gas station to refuel his truck. *See id.* After leaving the gas station and on his way to an oilfield drilling site, he was involved in a car accident in which the other driver and a passenger died and two other passengers were injured. *See id.* The Court concluded that a personal trip for groceries does not fall within the special-mission exception to the general rule that an employer is not vicariously liable for an employee's negligent acts while the employee travels to and from work. *See id*. at 379. Stoffer argued that, in contrast to the facts in *Martinez*, Captain Tollett was driving a city-issued vehicle and stopped at the convenience store solely to buy gas for her city-issued vehicle, and not for personal purchases.

The City replied to Stoffer's summary judgment response arguing that Stoffer had failed to come forward with evidence creating a genuine issue of material fact to rebut the presumption under the "coming-and-going" rule that an employee does not act within the scope of her employment when traveling to and from work. The City argued that the mere fact that Captain Tollett was stopping for forty-five minutes into her commute home to refuel did not establish a special mission exception to the "coming-and-going" rule as discussed in *Martinez* because the need to refuel was not a benefit to the City during Captain Tollett's commute home. It further argued that the fact that Captain Tollett had a city-authorized fuel card did not trigger the special-mission exception because, as the *Martinez* court stated, "payment of a travel allowance is not sufficient to create a fact question as to whether an employee was acting within the course and scope of employment at a specific point." *Id.* at 378 ("In this case, the travel allowance does not overcome the undisputed evidence that Mueller was returning from running personal errands at the time of the accident.").

On April 17, 2023, the trial court entered an order denying the City's summary judgment motion on immunity grounds. This appeal followed.

## Discussion

In its sole issue, the City contends that the trial court erred in denying its traditional motion for summary judgment because no genuine issue of material fact

6

exists as to whether Captain Tollett was acting within the course and scope of her employment at the time of the collision.

## A.    Standard of Review and Applicable Law

Subject matter jurisdiction is essential to a court's power to decide a case. *City of Hous. v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013) (per curiam); *City of DeSoto v. White*, 288 S.W.3d 389, 393 (Tex. 2009). To establish subject matter jurisdiction, a plaintiff must allege facts that affirmatively demonstrate the court's jurisdiction to hear the claim. *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019).

The common law doctrine of governmental immunity protects political subdivisions of the state from suit when they perform governmental functions. *See Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003). A governmental unit may be sued only when the legislature has waived the unit's immunity in clear language. *See* TEX. GOV'T CODE § 311.034; *Tex. Parks & Wildlife Dep't v. Sawyer Tr.*, 354 S.W.3d 384, 388 (Tex. 2011). The TTCA waives a governmental unit's immunity from suit in certain instances when the statutory requirements are met, including, as relevant here, cases involving the use of a motor-driven vehicle by an employee acting within the course and scope of her employment. *See* TEX. CIV. PRAC. & REM. CODE § 101.021;[3] *Tex. Dep't of Parks*

---

[3]    Section 101.021 of the Texas Tort Claims Act (TTCA) provides that a governmental unit in the state is liable for:

*& Wildlife v. Miranda*, 133 S.W.3d 217, 224–25 (Tex. 2004). The waiver of immunity applies if the employee or governmental unit would be liable to the claimant according to Texas law. *See* TEX. CIV. PRAC. & REM. CODE §§ 101.021(1)(B), (2), 101.025. The plaintiff bears the burden of establishing a waiver of sovereign immunity in suits against the government. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). If a government defendant is immune from suit, the trial court has no subject matter jurisdiction to hear the case against it. *See Miranda*, 133 S.W.3d at 225–26. Whether a court has subject matter jurisdiction is a question of law. *Id.* at 226.

The lack of subject matter jurisdiction may be raised in a motion for summary judgment. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000). We review a trial court's decision to grant a motion for summary judgment de novo.

---

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

    (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

    (B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX. CIV. PRAC. & REM. CODE § 101.021.

8

*Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). Under the traditional summary judgment standard, the movant has the burden to show that no genuine issues of material fact exist and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). To determine whether there are disputed issues of material fact, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference in the nonmovant's favor. *Nixon*, 690 S.W.2d at 548–49. A defendant is entitled to summary judgment on a plaintiff's personal injury claim if the defendant can prove as a matter of law that it has an affirmative defense to that claim. *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 593 (Tex. 2017).

## B. "Course and Scope of Employment"

The TTCA's limited waiver of immunity for motor vehicles only applies if the government employee was "acting within the scope of employment" at the time of the alleged event. TEX. CIV. PRAC. & REM. CODE § 101.021(1). The TTCA defines "scope of employment" as "the performance for a governmental unit of the duties of an employee's office or employment and includes being in and about the performance of a task lawfully assigned to an employee by competent authority." *Id.* § 101.001(5).

Whether a peace officer was on or off duty is not dispositive as to whether she was acting within the scope of her employment. *Garza v. Harrison*, 574 S.W.3d 389, 403 (Tex. 2019). Nor is the officer's use of a police vehicle dispositive. *Id.* at 405. Instead, we must consider the capacity in which the officer was acting at the time she committed the allegedly tortious act. *Harris Cnty. v. Gibbons*, 150 S.W.3d 877, 882 (Tex. App.—Houston [14th Dist.] 2004, no pet.). In other words, we consider what the officer was doing and why she was doing it. *See Lara v. City of Hempstead*, No. 01-15-00987-CV, 2016 WL 3964794, at *4 (Tex. App.—Houston [1st Dist.] July 21, 2016, pet. denied) (mem. op.).

Under the "coming-and-going rule," an employee is generally not acting within the scope of her employment when traveling to and from work. *See Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 139 (Tex. 2018). The rationale informing the rule is that travelers on public roads are equally susceptible to the hazards of doing so, whether employed or not. *Cameron Int'l Corp.*, 662 S.W.3d at 376 (citing *Leordeanu v. Am. Prot. Ins. Co.*, 330 S.W.3d 239, 241–42 & nn.6–7 (Tex. 2010)). "Such travel hazards do not arise out of the business of an employer; thus, the law does not hold the employer liable for injuries resulting from engaging in these risks." *Id.* However, if the vehicle involved in the accident was owned by the defendant and the driver was an employee of the defendant, a presumption arises that the driver was acting within the scope of her employment when the accident

10

occurred. *Robertson Tank Lines, Inc. v. Van Cleave*, 468 S.W.2d 354, 357 (Tex. 1971); *Martin v. Vill. of Surfside Beach*, No. 14-22-00085-CV, 2023 WL 3476939, at *3 (Tex. App.—Houston [14th Dist.] May 16, 2023, no pet.) (mem. op.); *Valdez v. City of Hous.*, No. 01-21-00070-CV, 2022 WL 3970066, at *5 (Tex. App.— Houston [1st Dist.] Sept. 1, 2022, no pet.) (mem. op.). But if there is evidence that the driver was on a personal errand, or otherwise not in the furtherance of his employer's business, the presumption vanishes. *Mejia-Rosa v. John Moore Servs.*, No. 01-17-00955-CV, 2019 WL 3330972, at *7 (Tex. App.—Houston [1st Dist.] July 25, 2019, no pet.) (mem. op.); *Lara*, 2016 WL 3964794, at *4 (explaining presumption is only procedural tool and, once rebutted, disappears from case). Mixed motives do not prevent an officer's act from being within the scope of her employment if her act served a purpose of her employer in addition to any other purpose the act served. *City of Hous. v. Lal*, 605 S.W.3d 645, 648–49 (Tex. App.— Houston [1st Dist.] 2020, no pet.). If unrefuted, however, the presumption prevails. *Id.*

## C. Analysis

The City contends that Captain Tollett's conduct does not fall within the TTCA's limited waiver and that it retains its governmental immunity because Captain Tollett was not acting within the course and scope of her employment at the time of the collision. It argues that that she had already completed her overtime work

11

and was commuting home, and the fact that she was driving a city-issued vehicle at the time is immaterial to the question of her scope of employment. Stoffer responds that the City's argument ignores several key facts evident from the record. She also argues that Captain Tollett's affidavit and deposition testimony are inconsistent and therefore cannot support summary judgment.

It is undisputed that Captain Tollett had ended her workday and was on her commute home when the accident occurred. *See Painter*, 561 S.W.3d at 139 (stating employee is generally not acting within scope of her employment when traveling to and from work). It is also undisputed that Captain Tollett was driving a city-owned vehicle at the time of the collision. This evidence raised a presumption that Captain Tollett was acting in the course and scope of her employment at the time of the accident. *See Robertson Tank Lines, Inc.*, 468 S.W.2d at 357. To rebut this presumption, the City had to come forward with evidence that Captain Tollett was on a personal errand or otherwise not in the furtherance of her employer's business. *See Mejia-Rosa*, 2019 WL 3330972, at *7.

Relying on Captain Tollett's affidavit, the City argues that she was not carrying out any duties or tasks for the City; rather, her workday had ended and she was in the process of stopping at a convenience store. Stoffer responds that Captain Tollett's affidavit and deposition testimony are inconsistent as to the purpose of her stop at the convenience store. In her affidavit, Captain Stoffer stated both that "I

12

needed fuel and was going to stop at the convenience store" and "I was merely stopping at the convenience store for my own person[al] needs on my commute home." In her later deposition, Captain Tollett testified as follows:

Q: Okay. Where were you coming from?

A: I don't remember. I was coming from a training. I know I had completed training that day and that I had finished. I know I was coming down I-10 from the west side of Houston and returning to my home.

Q: And were you playing—were you planning on making any stops in between the training you were leaving from and training that you were going to?

A: I wasn't planning on it. I knew I needed fuel. I thought—the station where I was training, their pumps were not—I do remember that the pumps were not working. So my thought was I would try to get home and stop at the convenient [sic] store that was on the way to my home here at the station.

Q. That was specifically to put gas in your Prius, right?

A: Correct. Correct.

Under Texas Rule of Civil Procedure 166a(c), "a summary judgment may be based on uncontroverted testimonial evidence of an interested witness . . . if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." *Id.* If conflicting inferences may be drawn from a deposition and from an affidavit filed by the same party in opposition to a motion for summary judgment, a fact issue is presented. *Randall v. Dallas Power & Light Co.*, 752 S.W.2d 4, 5 (Tex. 1988) (citing *Gaines*

13

*v. Hamman*, 358 S.W.2d 557, 562 (1962)). Here, Captain Tollett stated in her affidavit that "I needed fuel and was going to stop at the convenience store," and "I was merely stopping at the convenience store for my own person[al] needs on my commute home." In her later deposition, she testified that she had not planned to make a stop on her way home but decided to stop to refuel her city-issued vehicle because the gas pumps at the fire station where she had conducted training were not working that day. Because conflicting inferences could be drawn from Captain Tollett's affidavit and deposition testimony, and we resolve doubts in Stoffer's favor, Captain Tollett's statements that she stopped at the convenience store to refuel her city-issued vehicle is some evidence that she was not merely stopping for personal needs. *See Mejia-Rosa*, 2019 WL 3330972, at *7.[4]

A police officer acts within the scope of her employment when her act furthers her employer's business and is undertaken to accomplish an objective for which she is employed. *See Lara*, 2016 WL 3964794, at *4; *Martin v. Vill. of Surfside Beach*, No. 14-22-00085-CV, 2023 WL 3476939, at *5 (Tex. App.—Houston [14th Dist.] 2023, no pet.) (mem. op.) ("Ultimately, the question is whether an employee's

---

[4] We further note that even if the purpose of Captain Tollett's stop was both to refuel and for her personal needs, this would not prevent her act from being within the course and scope of her employment if her act of stopping benefitted her employer. *See City of Hous. v. Lal*, 605 S.W.3d 645, 648–49 (Tex. App.—Houston [1st Dist.] 2020, no pet.) (recognizing that mixed motives do not prevent officer's act from being within scope of her employment if her act served purpose of her employer in addition to any other purpose act served).

14

'activity has some connection with, and is being undertaken in furtherance of, the employer's business.'") (quoting *City of Balch Springs v. Austin*, 315 S.W.3d 219, 225 (Tex. App.—Dallas 2010, no pet.)). In making this determination, "we "consider what the officer was doing and why she was doing it." *Lara*, 2016 WL 3964794, at *4. Here, the evidence shows that (1) Captain Tollett stopped at the convenience store on her way home to refuel her city-issued vehicle with a city-issued fuel card which would enable her to travel to various fire stations to perform the duties of the training project, (2) the City had issued the vehicle to her because she was "having to travel so much on the training project [she] was doing," and (3) she stopped at the convenience store because the pumps at the fire station where she would ordinarily refuel her city-issued vehicle were not working that day. Captain Tollett's act of stopping at the convenience store to refuel her city-issued vehicle, which she had been unable to do earlier that day at the fire station because the pumps were not working, benefitted her employer because it enabled her to travel and perform the duties of the training project.

Taking as true all evidence favorable to Stoffer and indulging every reasonable inference and resolving any doubts in her favor, as we must, we hold that the evidence raises a genuine issue of material fact as to whether Captain Tollett was acting within the course and scope of her employment at the time of the accident. *See City of Hous. v. Mejia*, 606 S.W.3d 901, 906–07 (Tex. App.—Houston [14th

15

Dist.] 2020, pet. denied) (concluding summary judgment evidence did not support City's argument that HPD officer involved in traffic accident while driving city-issued vehicle on her way home after shift ended was merely commuter on her way home; evidence showed that officer's husband, who was HPD superior officer, had asked her to pick up his city-issued vehicle from city garage so he would have vehicle available at beginning of his shift, which benefitted officer's employer); *City of Hous. v. Flores-Garcia*, No. 14-21-00680-CV, 2023 WL 4196541, at *4 (Tex. App.—Houston [14th Dist.] 2023, no pet.) ("As movant on its affirmative defense, it is the City's burden to establish that Lancaster was pursuing 'an independent course of conduct not intended by the employee to serve any purposes of the employer.'"); *cf. Valdez*, 2022 WL 3970066, at *7 (concluding trial court properly granted summary judgment where evidence showed police officer's act of listening to police radio while driving home after having finished work was out of personal interest and did not have connection with, and was not undertaken in furtherance of, City's business). The trial court did not err in denying the City's motion for summary judgment. Accordingly, we overrule the City's issue.

## Conclusion

We affirm the trial court's judgment.

Amparo Monique Guerra
Justice

Panel consists of Justices Kelly, Hightower, and Guerra.