**Opinion issued April 16, 2026**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-25-00783-CV

———————————

**CITY OF HOUSTON, Appellant**

**V.**

**RUSUL SAAD ABDUL WAHHAB, Appellee**

---

**On Appeal from the County Civil Court at Law No. 3**
**Harris County, Texas**
**Trial Court Case No. 1240686**

---

## MEMORANDUM OPINION

Rusul Saad Abdul Wahhab sued the City of Houston (the "City") after an automobile collision in which her car was struck by a City truck driven by a City employee. The City moved for summary judgment based on governmental immunity asserting that Abdul Wahhab failed to establish a waiver of immunity

because the evidence showed that driver was not in the course and scope of her employment with the City when she struck Abdul Wahhab's car. The trial court denied the motion, and the City appealed.

In one issue on appeal, the City argues that the trial court erred by denying the motion because its summary-judgment evidence demonstrated that its former employee was not in the course and scope of her employment at the time of the collision. Abdul Wahhab argues that the City's summary-judgment evidence was not sufficient to rebut the presumption that the City's employee was in the course and scope of her employment at the time of the accident. We affirm the order of the trial court.

## Background

Tiffany Whren was an employee of Houston Public Works ("HPW"), a department of the City of Houston. Rusul Saad Abdul Wahhab was a resident of the Forum on San Felipe apartment complex at 6363 San Felipe Street. Abdul Wahhab alleges that she was traveling northbound in the apartment complex's parking garage when Whren, driving a Ford F-150 pickup truck owned by HPW, made an unsafe turn and struck her car. Abdul Wahhab sued the City for damages for personal injuries she allegedly suffered from the accident. Abdul Wahhab also alleged that, at the time of the collision (2:20 p.m. on Tuesday, July 25, 2023),

2

Whren was acting within the course and scope of her employment and engaged in the furtherance of the City's business.

The City answered, pleading a general denial and governmental immunity. The City filed a motion to dismiss under Texas Rule of Civil Procedure 91a arguing that Abdul Wahhab "failed to sufficiently allege facts stating that Whren was acting within the course and scope of her employment at the time of the motor vehicle accident." Abdul Wahhab argued that the allegations in her pleading lead to a rebuttable presumption that Whren was within the course and scope of her employment because she was a City employee driving a City-owned vehicle at the time of the collision. The trial court denied the motion to dismiss.

The City then moved for summary judgment on the ground of governmental immunity, arguing that Whren was not acting within the scope of her employment with the City. The City argued that the accident occurred in the parking garage of Whren's apartment complex. It argued: "Houston does not know what Whren was doing at her apartment in the middle of the workday, but she was not performing any official duties as stated in the affidavit of her supervisor." The City attached the following summary-judgment evidence: (1) an affidavit from Lenola Risher, Whren's supervisor, (2) a certified copy of the Houston Police Department Crash Report, (3) one page of the City's response to Wahhab's first set of interrogatories,

and (4) one page from Whren's employee file showing her address on May 17, 2023.

Risher's affidavit stated:

My name is Lenola Risher. I am over twenty-one years of age, am of sound mind, have never been convicted of a crime, and am otherwise competent to testify. I am currently the Assistant Public Works Maintenance Manager of Houston Water Department, a division of Houston Public Works (HPW), a department of the City of Houston.

At the time of the accident in question, I was the supervisor of Tiffany Whren. A review of HPW documents and work orders for the day of the accident, July 25, 2023, shows no work that should have been undertaken at or near the location listed on the accident report. Additionally, a review of HPW documents show that the address of this vehicular accident was the garage located at the same address listed as Ms. Whren's home/apartment address.

Per review of these documents HPW knows of reason related to the job duties assigned to Ms. Whren that she should have been at her home address at the time listed on the accident report.

The accident report listed the home address for Tiffany Whren as 7101 Renwick, Houston TX. The single page of the City's objections and responses to Abdul Wahhab's first set of interrogatories stated, among other things, "Whren had permission to use the vehicle as an employee of HPW, however at the time of the accident they were not operating the vehicle in furtherance of City business and should not have been in the location where the incident occurred." The single page from Whren's employee file shows her address as 6363 San Felipe St., and it shows an effective date of May 17, 2023.

4

In response, Abdul Wahhab argued that the "only evidence the City offers is a single affidavit from Whren's supervisor, Lenola Risher, who claims that Whren was not authorized to be at her apartment and that there was no known work-related reason for her to be there." Abdul Wahhab argued that the affidavit was conclusory and speculative, and lacked sufficient detail, context, and specificity to overcome the rebuttable presumption on which Abdul Wahhab relies. Although Abdul Wahhab did not attach summary-judgment evidence, she did attach court records: pleadings, motions for summary judgment based on governmental immunity, and opinions from the Houston courts of appeals in unrelated cases.

The trial court denied the motion for summary judgment, and the City appealed.

**Analysis**

The City presents a single issue on appeal, asking: "Does Houston retain its governmental immunity because at the time of the collision Tiffany Whren was outside her scope of her employment?" We construe this as an appeal from the trial court's denial of the City's motion for summary judgment.

A plaintiff has the burden to show the trial court's subject-matter jurisdiction. *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 150 (Tex. 2012). That burden includes an obligation to show a waiver of sovereign or governmental immunity in suits against the State and its political subdivisions, including cities.

5

*Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019); *see also Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Pol. Subdivisions Prop./Cas. Joint Self-Ins. Fund*, 212 S.W.3d 320, 324 (Tex. 2006) (stating that governmental immunity extends to political subdivisions of State, such as counties, cities, and school districts). A governmental unit may raise an immunity defense in a summary judgment motion challenging the trial court's jurisdiction. *Town of Shady Shores*, 590 S.W.3d at 551; *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000).

## I.    We apply summary judgment standards of review because the City asserted immunity in a motion for summary judgment.

We review de novo the trial court's ruling on a motion for summary judgment. *Eagle Oil & Gas Co. v. TRO-X, L.P.*, 619 S.W.3d 699, 705 (Tex. 2021). In doing so, "[w]e review the summary judgment record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion." *Id.*

The party moving for traditional summary judgment must show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(h)(2); *Eagle Oil & Gas*, 619 S.W.3d at 705. To meet this burden, when the defendant moves for summary judgment, it must conclusively negate at least one essential element of each of the plaintiff's claims

6

or conclusively prove all elements of an affirmative defense. *Stanfield v. Neubaum*, 494 S.W.3d 90, 96 (Tex. 2016); *see* TEX. R. CIV. P. 166a.

When a governmental defendant moves for traditional summary judgment on the jurisdictional ground of immunity, it "carries the burden to meet the summary judgment proof standard for its assertion that the trial court lacks jurisdiction." *City of Austin v. Powell*, 704 S.W.3d 437, 448 (Tex. 2024) (quoting *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012)). "Evidence is conclusive only if reasonable people could not differ in their conclusions." *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005); *accord City of Houston v. Nicolai*, 695 S.W.3d 489, 494 (Tex. App.—Houston [1st Dist.] 2024, pet. denied). Once the defendant establishes that it is entitled to summary judgment, the burden shifts to the plaintiff to produce evidence raising a fact issue concerning a waiver of immunity. *See Powell*, 704 S.W.3d at 448; *Mission Consol. Indep. Sch. Dist.*, 372 S.W.3d at 637 ("While a plaintiff must plead the elements of her statutory cause of action . . . she will only be required to submit evidence if the defendant presents evidence negating one of those basic facts."). If the movant's evidence conclusively negates jurisdiction, the trial court must grant summary judgment dismissing the case against the governmental entity, unless the nonmovant produces enough evidence to raise a genuine issue of material fact. *Powell*, 704 S.W.3d at 448.

7

In reviewing a summary judgment ruling, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id.* (quoting *City of San Antonio v. Maspero*, 640 S.W.3d 523, 528–29 (Tex. 2022)); *City of Houston v. Branch*, 695 S.W.3d 580, 586–87 (Tex. App.—Houston [1st Dist.] 2024, pet. denied) (en banc). We may not, however, disregard necessary contextual evidence or "evidence and inferences unfavorable to the [nonmovants] if reasonable jurors could not." *City of Houston v. Rodriguez*, 704 S.W.3d 462, 470 (Tex. 2024) (quoting *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 771 (Tex. 2018)); *Branch*, 695 S.W.3d at 587.

Summary-judgment evidence may include affidavits, deposition transcripts, interrogatory answers, other discovery responses referenced or set forth in the motion or response, admissions, stipulations of the parties, and authenticated or certified public records. TEX. R. CIV. P. 166a(j)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify to the matters stated." TEX. R. CIV. P. 166a(j)(4). Conclusory statements are not sufficient to support or defeat summary judgment. *Raoger Corp. v. Myers*, 711 S.W.3d 206, 214–15 (Tex. 2025). "Generally, a party cannot rely on its own answer to an interrogatory as summary judgment evidence." *Morgan v.*

8

*Anthony*, 27 S.W.3d 928, 929 (Tex. 2000) (stating general rule and explaining exception when witness questioned about interrogatory answers in deposition, witness testified that the responses were correct, and interrogatory responses were attached to deposition transcript).

**II. The Texas Tort Claims Act authorizes limited waivers of governmental immunity.**

As a political subdivisions of the State, the City of Houston is immune from suit unless its immunity is waived by state law. *See Maspero*, 640 S.W.3d at 528. The TTCA provides a limited waiver of governmental immunity. *See Rattray v. City of Brownsville*, 662 S.W.3d 860, 871 (Tex. 2023); Tex. Civ. Prac. & Rem. Code § 101.025(a) ("Sovereign immunity to suit is waived and abolished to the extent of liability created by this chapter."). Relevant here, TTCA section 101.021(1) waives immunity for the negligent use or operation of a motor vehicle:

A governmental unit in the state is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle . . . ; and

(B) the employee would be personally liable to the claimant according to Texas law[.]

Tex. Civ. Prac. & Rem. Code § 101.021(1).

9

For purposes of the TTCA, an "[e]mployee" is

> a person, including an officer or agent, who is in the paid service of a governmental unit by competent authority, but does not include an independent contractor, an agent or employee of an independent contractor, or a person who performs tasks the details of which the governmental unit does not have the legal right to control.

*See id.* § 101.001(2). And an employee's "[s]cope of employment" means "the performance for a governmental unit of the duties of an employee's office or employment and includes being in or about the performance of a task lawfully assigned to an employee by competent authority." *Id.* § 101.001(5). "In general, whether a person is acting within the scope of h[er] employment depends on whether the general act from which an injury arose was in furtherance of the employer's business and for the accomplishment of the objective for which the employee was employed." *Lara v. City of Hempstead*, No. 01-15-00987-CV, 2016 WL 3964794, at *3 (Tex. App.—Houston [1st Dist.] July 21, 2016, pet. denied) (mem. op.) (internal quotations omitted).

When a vehicle involved in a collision is owned by the driver's employer, a presumption arises that the driver was acting in the course and scope of her employment when the collision occurred. *Robertson Tank Lines, Inc. v. Van Cleave*, 468 S.W.2d 354, 357 (Tex. 1971); *City of Houston v. Arellano*, 654 S.W.3d 483, 486 (Tex. App.—Houston [14th Dist.] 2022, pet. denied); *City of Houston v. Carrizales*, No. 01-20-00699-CV, 2021 WL 3556216, at *4 (Tex.

10

App.—Houston [1st Dist.] Aug. 12, 2021 pet. denied) (mem. op.); *Molina v. City of Pasadena*, No. 14-17-00524-CV, 2018 WL 3977945, at *4 (Tex. App.—Houston [14th Dist.] Aug. 21, 2018, no pet.) (mem. op.). But if there is evidence that the driver was on a personal errand, or otherwise not in the furtherance of her employer's business, the presumption vanishes. *See Carrizales*, 2021 WL 3556216, at *5 (holding city utility worker whose job required partner to investigate sewer complaints was outside scope of employment when alone driving city-owned truck returning to work after lunch at home); *see also Molina*, 2018 WL 3977945, at *5; *Lara*, 2016 WL 3964794, at *4 (explaining presumption is "only a procedural tool" and once rebutted, it disappears from case). If the employer proffers evidence rebutting the presumption, the burden shifts back to the plaintiff to produce other evidence that the driver was acting in the scope of her employment at the time of the collision. *Robertson Tank Lines*, 468 S.W.2d at 358; *Carrizales*, 2021 WL 3556216, at *4; *Molina*, 2018 WL 3977945, at *4.

## III. The City did not carry its summary judgment burden.

### A. The scope of employment presumption applies.

In this case, it is undisputed that Whren was a City employee driving a City-owned truck when the collision with Abdul Wahhab's car occurred. That raises the presumption that Whren was acting in the scope of her employment at the time of the collision. *See, e.g.*, *City of Houston v. Rios*, No. 01-23-00794-CV, 2024 WL

11

3571649, at *6 (Tex. App.—Houston [1st Dist.] July 30, 2024, pet. denied) (mem. op.) ("Here, it is undisputed that George, a City employee, was driving a City-owned truck when the collision with Rio"s SUV occurred. That evidence raised the presumption that George was acting in the scope of her employment at the time of the collision."); *Arellano*, 654 S.W.3d at 486–87 (holding that City's evidence failed to rebut presumption that employee was in course and scope of employment while driving City-owned vehicle en route to service call); *Carrizales*, 2021 WL 3556216, at *5 (stating that undisputed evidence that City employee was driving City-owned truck at time of collision raised presumption that she was acting in course and scope of employment).

In its brief, the City argues that the presumption that a driver is in the course and scope of her employment when the employer-owned vehicle she is driving is involved in a collision should not apply because it reverses the burden to the governmental entity to prove immunity rather than the plaintiff proving a waiver of immunity. *See* Appellant's Br. 23–24. We disagree. Here, the City, as the party seeking a traditional summary judgment has an evidentiary burden.[1] *Powell*, 704

---

[1]  Had the City wished to assert that the plaintiff's pleadings were insufficient to allege a waiver of immunity, it could have done so by using a different procedural device, such as a plea to the jurisdiction. *E.g.*, *City of Austin v. Powell*, 704 S.W.3d 437, 447 (Tex. 2024) (explaining that plea to jurisdiction on pleadings challenges whether facts alleged affirmatively demonstrate trial court's subject matter jurisdiction). Had the City wished to put the plaintiff to the burden of proffering evidence to support a waiver of immunity, it could have filed a no-

S.W.3d at 448. The Texas Supreme Court explained the interplay between summary judgment burdens and the plaintiff's obligation to establish jurisdiction in *Powell*:

> Thus, when we stated in *Mission Consolidated Independent School District v. Garcia* that "[i]nitially, the defendant carries the burden to meet the summary judgment proof standard for its assertion that the trial court lacks jurisdiction," 372 S.W.3d at 635, we were referring to cases in which the plea to the jurisdiction mirrors a traditional or hybrid motion for summary judgment. After all, if the government wants to truly negate the plaintiff's evidence, then it must present evidence of its own. *See id.* at 637 ("While a plaintiff must plead the elements of her statutory cause of action . . . *she will only be required to submit evidence if the defendant presents evidence negating one of those basic facts.*" (emphasis added)). We did not, of course, contradict the bedrock principle that the plaintiff bears the burden to establish a waiver of immunity. When there is a dispute over jurisdictional facts, the plaintiff must raise a genuine issue of material fact as to the immunity waiver's applicability. *See Miranda*, [133 S.W.3d 217, 227 (Tex. 2004)]; *see also Tex. Health & Hum. Servs. Comm'n v. Pope*, 674 S.W.3d 273, 281 (Tex. 2023). When that happens, "we take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Maspero*, 640 S.W.3d at 528–29. If the evidence raises a fact question as to the court's jurisdiction, then the trial court may not grant the plea. *Univ. of Tex. at Austin v. Hayes*, 327 S.W.3d 113, 116 (Tex. 2010). But the court must grant the plea if the evidence fails to raise a question as to the existence of a jurisdictional fact. *Maspero*, 640 S.W.3d at 529.

---

evidence motion for summary judgment. *See* TEX. R. CIV. P. 166a(h)(3) ("The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact."). Here, while the title of the City's motion in this case is "Traditional and No Evidence Motion for Summary Judgment on Immunity," the motion itself does not state the elements as to which there is no evidence. *See id.* Thus, Abdul Wahhab was not required to come forward with evidence.

13

*Id.*

As shown above, both Houston courts of appeals have applied the *Robertson Tank Lines* presumption in factually similar cases in which the City of Houston challenged the waiver of immunity. We do so again here.

**B.     The City's evidence does not rebut the presumption.**

The City argues that its summary judgment evidence rebutted the presumption that Whren was acting within the course and scope of her employment at the time of the accident. To rebut the presumption, the City had to show that the general act from which the injury arose—driving in the parking garage—was not in furtherance of the employer's business and for the accomplishment of the objective for which she was employed. *See Lara*, 2016 WL 3964794, at *3. Proof that the driver was on a personal errand or otherwise not in furtherance of the employer's business is sufficient to rebut the presumption. *E.g.*, *Molina*, 2018 WL 3977945, at *4 (city employee was not acting within course and scope of employment when collision occurred while employee was returning to work after eating lunch); *Lara*, 2016 WL 3964794, at *4 (city employee was not acting within course and scope of employment when collision occurred when officer was commuting to work in patrol car). In addition, proof that conclusively shows that the employee was not acting in furtherance of the employer's business and for the accomplishment of the objective for which the employee was employed

also rebuts the presumption. *See Carrizales*, 2021 WL 3556216, at *5–6 (holding presumption rebutted because evidence showed that City employee was alone in truck at time of collision and could not have been investigating stoppage, answering request for service, or inspecting sewer complaint because those tasks require two people and "someone else would have been in the truck with" employee).

Here, the City's theory is that the accident occurred in the parking garage of the apartment complex where Whren lived, no work orders for that location existed, and therefore, Whren must have been on a personal errand at the time of the collision. The City's evidence, however, does not conclusively prove its theory.

First, the City's summary judgment evidence does not conclusively prove where Whren lived at the time of the accident. The City proffered Risher's affidavit, a screen shot of an internal record of Whren's address, and the police report, all of which include evidence regarding Whren's address. Risher's affidavit states "a review of HPW documents show that the address of this vehicular accident was the garage located at the same address listed as Ms. Whren's home/apartment address." The screen shot from the City's internal records showed Whren's home address as 6363 San Felipe Street as of May 17, 2023.[2] But the

---

[2]    This document was not authenticated, but Abdul Wahhab did not object to it on that basis or raise an argument about it on appeal. *See, e.g., Vice v. Kasprzak*, 318 S.W.3d 1, 19 n.10 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) ("In the

police report shows something different. The police report shows 7101 Renwick as Whren's home address. Thus, the City has not conclusively proved that Whren was at her home address at the time of the collision. Thus, there is a genuine question of material fact about the City's argument that Whren was at her home and must have been on a personal errand. The City has not conclusively proven that Whren was on a personal errand, thus rebutting the *Robertson Tank Lines* presumption. *See, e.g.*, *Molina*, 2018 WL 3977945, at *5 (evidence that City of Pasadena employee was returning to work after eating lunch rebutted presumption that he was acting in course and scope of employment).

Second, the City's evidence does not show that Whren was commuting to or from work at the time of the accident, which occurred at about 2:20 p.m. on Tuesday, July 25, 2023. The screen shot from the City's internal records shows that Whren was an "equipment technician." But there is no indication in the summary judgment evidence about her schedule, working hours, or whether she is on call and able to clock in remotely before responding to an assignment. *See, e.g.*, *Arellano*, 654 S.W.3d at 486–87 (holding that City employee who was on call, had received service call, clocked in remotely, dropped off personal vehicle, and

---

absence of a written order or implicit ruling by the trial court, objections to summary judgment evidence are waived and allegedly inadmissible summary judgment evidence remains a part of the summary judgment record."); *see also In Estate of Guerrero*, 465 S.W.3d 693, 703 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) ("Under the summary judgment standard, copies of documents must be authenticated in order to constitute competent summary judgment evidence.").

picked up company vehicle was in course and scope of employment at time of accident and not merely commuting to work).

Third, the City's summary judgment evidence does not conclusively show that Whren was not acting in furtherance of the City's business. Both Risher's affidavit and the first page of the City's interrogatory responses address this fact question in a conclusory fashion. *See Chaudhary v. Mora*, No. 01-21-00352-CV, 2022 WL 3722393, at *9 (Tex. App.—Houston [1st Dist.] Aug. 30, 2022, pet. denied) (mem. op.) (stating that conclusory statement is one that does not provide underlying facts to support conclusion). Risher stated: "Per review of these documents HPW knows of reason related to the job duties assigned to Ms. Whren that she should have been at her home address at the time listed on the accident report." As written, this is an affirmative statement that there is a reason related to her job duties for Whren to have been "at her home address at the time listed on the accident report." Also, it is conclusory because it does not provide a factual basis by stating what job duty could have required Whren to be at that location at that time.

Risher also stated: "A review of HPW documents and work orders for the day of the accident, July 25, 2023, shows no work that should have been undertaken at or near the location listed on the accident report." Again, this statement does not provide a factual basis for its conclusion. It does not indicate

17

what Whren's job duties included or whether her duties were based solely on work orders.

The City also attached to its summary judgment evidence the first page of its response to interrogatories.[3] In the interrogatory responses, the City stated: "Whren had permission to use the vehicle as an employee of HPW, however at the time of the accident they were not operating the vehicle in furtherance of City business and should not have been in the location where the incident occurred." Like Risher's affidavit, this statement is conclusory because it does not provide a factual basis to support this conclusion. *See id.* (holding that statement "Defendant did not breach the real estate contract, subject of the instant suit," was conclusory because it did not provide underlying facts to support conclusion).

We conclude that the City failed to meet its summary judgment burden to produce evidence showing that Whren was on a personal errand or not acting in furtherance of the City's business. Because the evidence the City attached to its summary judgment motion does not rebut the *Robertson Tank Lines* presumption, we hold that the trial court did not err by denying the City's motion.

---

[3]    A party generally may not rely on its own answer to an interrogatory. *Morgan v. Anthony*, 27 S.W.3d 928, 929 (Tex. 2000); *Evans v. MIPTT, L.L.C.*, No. 01-06-00394-CV, 2007 WL 1716443, at *5 (Tex. App.—Houston [1st Dist.] June 14, 2007, no pet.) (mem. op.); *see* TEX. R. CIV. P. 197.3 ("Answers to interrogatories may be used only against the responding party."). Abdul Wahhab has not objected to this evidence, and it remains part of the summary judgment record. *See Vice*, 318 S.W.3d at 19 n.10.

## Conclusion

We affirm the trial court's order denying the City's motion for summary judgment.


Susanna Dokupil
Justice

Panel consists of Justices Guerra, Caughey and Dokupil.